Francis X. Tucker, S.
Applications for fees have been submitted by Arthur A. Davis, Jr. and John E. Egan, attorneys for Frederick Y. Borden, the executor named in a document purporting to be the last will and testament of Margaret Gray Yates; by Connelly & Connelly, attorneys for Josephine Y. Anderson and Winchell G. Yates; and by the executors of the estate of Harry H. Flemming who represented Winchell G. Yates until the death of Mr. Flemming on June 14, 1958.
*476 The services rendered were in connection with the attempt on the part of Frederick Y. Borden to probate a will and the successful effort of the distributees, Winchell G-. Yates and Josephine Y. Anderson, to resist probate. Counsel have brought these proceedings to fix their fees under section 231-a of the Surrogate’s Court Act and have obtained orders to show cause which have been served upon all interested parties.
Detailed affidavits with respect to the services rendered have been submitted and the interested parties have submitted memoranda of law and factual arguments on the issue.
It is the opinion of the court that these applications are properly considered under section 231-a of the Surrogate’s Court Act.
With respect to the application of the estate of Harry H. Flemming for services rendered to the date of his death, which includes the preparation and trial of the will contest, the administrator is directed to pay from the general estate the sum of $2,500.
With respect to the application of Connelly & Connelly it appears that their efforts on behalf of Josephine Y. Anderson, and Winchell GL Yates after the death of Mr. Flemming, should be considered in two categories. The services in connection with the efforts to compromise the “ probate contest ” after a favorable decision on the trial and in the Appellate Division were not of benefit to the estate and should be paid by the individual clients. The firm of Connelly & Connelly has not requested the court to fix their compensation in this regard and, therefore, this issue has not been determined on this application. On the other hand, the services on the will contest and the appeal from the favorable determination of the contest clearly were of benefit to the estate and the administrator is directed to pay from the general estate the sum of $4,000, plus disbursements in the amount of $239.30. This allowance to be paid out of the general estate is in addition to such sum as may be agreed upon by Connelly & Connelly and their clients individually considering that the attorneys undertook the prosecution of the objections contingently and have achieved a very favorable result.
With respect to the joint application of Arthur A. Davis, Jr., and John E. Egan the issue has been raised as to the status of Mr. Egan. Mr. Frederick Y. Borden takes the position that he did not engage Mr. Egan and this is borne out by the recital in paragraph “ 5 ” of the affidavit of Mr. Egan and Mr. Davis. For the purposes of this application it appears that Mr. Egan’s services should be considered as having been rendered to Mr. *477 Davis and the allowance to be made herein to Mr. Davis is to be considered as compensation for services of both attorneys.
Frederick Y. Borden having been named executor in a will was under an obligation to present the will for probate and the reasonable attorneys’ fees in connection with this effort are a proper charge on the general estate. It appears from the application that the attorneys also rendered services beneficial to Mr. Borden individually in their efforts to compromise the 1 ‘ Will contest ’ ’ and in the appeal from the Surrogate’s refusal to permit this compromise without notice to all of the distributees. Both issues are before the court because on the return date of the application Mr. Davis requested the court to fix the compensation for these services as well as the compensation for the services rendered on behalf of the estate.
For the services rendered to Frederick Y. Borden individually, the temporary administrator is directed to pay to Mr. Davis the sum of $2,500 from the funds in its hands belonging to Frederick Y. Borden and to pay to Mr. Davis from the general estate the sum of $5,000, plus disbursements in the amount of $352.94.